# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4507 | **DATE** | 6/21/2004 |
| **CASE TITLE** | MUSTARI vs. NEW HOPE, ET AL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Motion (9-1) to dismiss is granted in part and denied in part. Count III is dismissed on motion of defendant New Hope and Benson. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | JUN 2 5 2004 | |
| | Notices mailed by judge's staff. | | date docketed | 19 |
| | Notified counsel by telephone. | | docketing deputy initials | |
| ✓ | Docketing to mail notices. | U.S. DISTRICT COURT | | |
| | Mail AO 450 form. | CLERK | | |
| | Copy to judge/magistrate judge. | 2004 JUN 24 PM 7:12 | date mailed notice | |
| DW | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOSEPH MUSTARI, | |
| Plaintiff, | |
| v. | No. 03 C 4507 |
| | Judge James B. Zagel |
| NEW HOPE ACADEMY, DR. KATHIE BENSEN and DR. CAROLE HERBSTER, | |
| Defendants. | |

DOCKETED
JUN 2 5 2004

JUN 2 5 2004

## MEMORANDUM OPINION AND ORDER

This is an employment discrimination action, brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Specifically, Plaintiff Joseph Mustari alleges that Defendant New Hope Academy ("New Hope") violated Title VII by subjecting him to a sexually hostile work environment and retaliating against him for complaining about the harassment (Counts 1 and 2). He also brings a claim of Intentional Infliction of Emotional Distress ("IIED") under Illinois law against all Defendants (Count 3). Defendants New Hope and Dr. Kathie Benson ("Benson") move to dismiss Mustari's Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6) for Counts 1 and 2 and Rule 12(b)(1) for Count 3.

Counts 1 and 2: Title VII

The purpose of a Rule 12(b)(6) motion is to test the sufficiency of Mustari's Amended Complaint, not the merits of his case. *See Autry v. Northwest Premium Servs.*, 144 F.3d 1037, 1039 (7th Cir. 1998). Dismissal of the Title VII claims is appropriate only if it appears beyond a

doubt that he can prove no set of facts in support of his claims that would entitle him to relief. *GATX Leasing Corp. v. Nat'l Union Fire Ins. Co.*, 64 F.3d 1112, 1114 (7th Cir. 1995). In reviewing the sufficiency of Mustari's Amended Complaint, I must draw all inferences and resolve all ambiguities in his favor and assume that all well-pleaded facts are true. *See Dimmig v. Wahl*, 983 F.2d 86, 87 (7th Cir. 1993).

New Hope argues that Mustari's Title VII claims fail under Rule 12(b)(6) because it is not an "employer" under Title VII. Title VII applies to any employer who "has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b); *see Walters v. Metro. Educ. Enters., Inc.*, 519 U.S. 202 (1997). Under Title VII, an "employee" is "an individual employed by an employer." 42 U.S.C. § 2000e(f). The test for determining when an individual is an employee is "whether the employer has an employment relationship with the individual on the day in question" – generally called the "payroll method." *Walters*, 519 U.S. at 202. Because Mustari's allegations of discrimination arose in 2001, the "current" and "preceding" years for purposes of this analysis are 2000 and 2001. However, given that New Hope was not open for even 20 weeks in 2000, 2001 is the only year at issue.

In this case, the initial question in determining whether New Hope employed the threshold number of employees to qualify for coverage under Title VII is whether Defendants Drs. Benson and Carole Herbster – alleged part owners of New Hope – can be considered employees. New Hope argues that they were clearly not employees for purposes of Title VII, and that by eliminating them from the analysis, New Hope does not meet the threshold employee requirement for Title VII. Mustari argues the opposite.

2

In determining whether a shareholder-director is an employee or employer, the following six factors are relevant:

1. Whether the organization can hire or fire the individual or set the rules and regulations of the individual's work;

2. Whether and, if so, to what extent the organization supervises the individual's work;

3. Whether the individual reports to someone higher in the organization;

4. Whether and, if so, to what extent the individual is able to influence the organization;

5. Whether the parties intended that the individual be an employee, as express in written agreements or contracts; and

6. Whether the individual shares in the profits, losses, and liabilities of the organization.

*Clackamas Gastroenterology Assocs., P.C. v. Wells*, 538 U.S. 440, 449-50 (2003). However, these factors are not exhaustive, and determining whether a shareholder-director is an employee or an employer cannot be answered in every case by such a "shorthand formula or magic phrase." *Id.* at 450 n. 10 (internal quotations and citations omitted). In general, however, an "employer can hire and fire employees, can assign tasks to employees and supervise their performance, and can decide how the profits and losses of the business are to be distributed." *Id.* at 450; *see also Walters*, 519 U.S. at 212 ("We agree . . . that the ultimate touchstone under § 2000e(b) is whether an employer has employment relationships with 15 or more individuals for each working day in 20 or more weeks during the year in question."); *Chavero v. Local 241, Division of Amalgamated Transit Union*, 787 F.2d 1154, 1157 (7th Cir. 1986) (noting that directors who were salaried employers and who maintained records, prepared financial statements and managed the office

could be employees); *Grantham v. Beatrice Co.*, 776 F. Supp. 391, 403 (N.D. Ill. 1991); *EEOC v. First Catholic Slovak Ladies Assoc.*, 694 F.2d 1068, 1070 (6th Cir. 1982).

In support of its argument that New Hope does not meet the definition of an "employer" under Title VII, New Hope attaches an affidavit from Benson and other documents pertaining to New Hope. "If matters outside the pleadings are presented by [a movant], a District Court may either exclude those documents and continue under Rule 12 or convert the Rule 12(b)(6) motion into a summary judgment motion and proceed under Rule 56." *Northwestern Corp. v. Y.L.C. Co.*, No. 03 C 2408, 2003 U.S. Dist. LEXIS 17874, at *4 (N.D. Ill. Oct. 7, 2003); *see also Marques v. FRB*, 286 F.3d 1014, 1017 (7th Cir. 2002) (holding that a Rule 12(b)(6) motion was converted into a motion for summary judgment when materials outside the complaint were actually considered by the court). In *Northwestern*, however, because the motion did not comply with Rule 56 or the Local Rules of this Court concerning summary judgment, the Court declined to convert the motion to dismiss into a motion for summary judgment. 2003 U.S. Dist. LEXIS 17874, at *4. I do so here as well, despite Mustari's assertion that the motion "must be treated as a Motion for Summary Judgment." If New Hope desires to move for summary judgment on the Title VII claims, then it should do so in accordance with the Federal and Local Rules.[1]

In treating New Hope's motion as a Rule 12(b)(6) motion to dismiss, I must ignore external facts not found in Mustari's Amended Complaint. *See Levenstein v. Salafsky*, 164 F.3d

---

[1] In this vein, New Hope has suggested that if I believe that there is a genuine issue of material fact with regard to the number of employees employed by New Hope in 2001, then I should conduct an evidentiary hearing to address the issue of Title VII coverage. Actually, the more appropriate course is that if New Hopes believes that there is no genuine issue of material fact as to whether it met the Title VII definition of an "employer" in 2001, then it should move for summary judgment pursuant to Rule 56.

4

345, 347 (7th Cir. 1998). It is well accepted that "[d]ocuments that a defendant attaches to a Rule 12(b)(6) motion to dismiss may only be considered if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Northwestern*, 2003 U.S. Dist. LEXIS 17874, at *3.

In his Amended Complaint, Mustari simply alleges that New Hope is an "employer." In the absence of any other allegations in the Amended Complaint – for example, an allegation to the effect of "New Hope employed no more than 14 employees in 2001" – I must accept this well-pleaded factual allegation as true. *See Dimmig*, 983 F.2d at 87. Accordingly, dismissal of the Title VII claims is inappropriate because it may be possible for Mustari to prove that New Hope employed fifteen people for at least twenty weeks in 2001. *See GATX Leasing Corp.*, 64 F.3d at 1114.

Count 3: IIED

The Illinois Human Rights Act ("IHRA") provides that it is a "civil rights violation for any employer, employee, agent or any employer, employment agency or labor organization to engage in sexual harassment."[2] 775 ILCS 5/2-102(D). The IHRA preempts all state law claims that seek "redress for a 'civil rights violation' within the meaning" of the statute. *Geise v. Phoenix Co. of Chicago, Inc.*, 639 N.E.2d 1273, 1276 (Ill. 1994). However, this limitation does not preclude "the circuit court from exercising jurisdiction over *all* tort claims related to sexual

---

[2] Sexual harassment is defined as "any unwelcome sexual advances or requests for sexual favors or any conduct of a sexual nature when . . . such conduct has the purpose or effect of substantially interfering with an individual's work performance or creating, intimidating, hostile or offensive working environment." 775 ILCS 5/2-101(E).

harassment." *Maksimovic v. Tsogalis*, 687 N.E.2d 21, 23 (Ill. 1997) (emphasis in original). In order to plead a claim for IIED in the employment context, a plaintiff must allege conduct that is "actionable even aside from its character as a civil rights violation." *Stansberry v. Uhlich Children's Home*, 264 F. Supp. 2d 681, 690 (N.D. Ill. 2003) (quoting *Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000)). In other words, if the IHRA does not "'furnish [] the legal duty that the defendant was alleged to have breached,' there is no preemption." *Id.* (quoting *Maskimovic*, 687 N.E.2d at 23). But where a tort claim is "inextricably linked" to a civil rights violation, such that no independent basis for the action exists apart from the IHRA, the claim is preempted. *See Geise*, 639 N.E.2d at 1277; *Welch v. Ill. Supreme Court*, 751 N.E.2d 1187, 1196 (Ill. App. Ct. 2001).

In this case, Mustari alleges that Defendants committed IIED by: (1) "encouraging and pressuring Plaintiff to engage in relations with Defendant Herbster's husband, thereby substantially interfering with his employment and creating an intimidating, hostile and offensive work environment;" and (2) "willfully and wantonly retaliat[ing] against Plaintiff for complaining about unwanted sexual advances." These allegations solely allege conduct that is inextricably linked with Mustari's sexual harassment and retaliation claims. Mustari's IIED claim is therefore preempted by the IHRA.[3] *See Stansberry*, 264 F. Supp. 2d at 690 (IIED claims barred by IHRA where they were inextricably linked to Title claims); *Harrington-Grant v.*

---

[3] As an alternative to dismissal, Mustari seeks leave to amend the IIED count of his Amended Complaint, but I deny this request. Mustari has already had such an opportunity to amend, of which he took advantage. If his IIED claim was deficient – which it is – he should have corrected it when he had the chance. Regardless, it is difficult to imagine how Mustari could amend this claim such that it would not be preempted by the IHRA.

*Loomis, Fargo & Co.*, No. 01 C 6344, 2002 WL 47152, at *5 (N.D. Ill. Jan. 11, 2002) (IIED claims barred by IHRA where they were inextricably linked to Title VII and FMLA claims).

For the reasons above, New Hope's and Benson's Motion to Dismiss Plaintiff's Amended Complaint is DENIED as to Counts I and II but GRANTED as to Count III.

ENTER:

James B. Zagel
United States District Judge

DATE: 21 June 2004